United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MANSOUR BOLBOLAN,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

No. C 12-4269 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Before the court is the motion of defendant United States of America to dismiss the above-entitled action for lack of subject matter jurisdiction. The United States filed the motion on August 20, 2012. As of the date of this order, plaintiff had filed no opposition to the motion. Having read the moving papers and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court finds that the motion must be GRANTED.

    Plaintiff Mansour Bolbolan filed this action in the Small Claims Division of the San Mateo County Superior Court on July 19, 2012, against "First Priority Mail U.S. Post Office." He alleges that the United States Postal Service lost mail containing his birth certificate, passport, and citizenship papers, plus $110 in postal fees, and seeks $2,000 in damages. On August 14, 2012, the United States removed the case to this court. The United States seeks an order substituting it as a party defendant pursuant to 28 U.S.C.

§ 2679(a), and dismissing the complaint for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Thus, federal courts have no power to consider claims for which they lack subject-matter jurisdiction. See Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992). The court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction. Id.; see also Spencer Enters., Inc. v. United States, 345 F.3d 683, 687 (9th Cir. 2003); Attorneys Trust v. Videotape Computers Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

To the extent that plaintiff is seeking to recover damages for the alleged negligence or wrongful act of a federal employee acting within the scope of his employment, plaintiff's exclusive remedy is a suit against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. ("FTCA"). Accordingly, the United States is substituted as a party defendant for "First Priority Mail U.S. Post Office."

Nevertheless, the court finds that plaintiff's claims against the United States for loss of items he allegedly deposited in the U.S. Mail is beyond this court's jurisdiction because the United States has not waived its sovereign immunity for such claims. See 28 U.S.C. § 2680(b). A court lacks subject matter jurisdiction over a claim against the United States if the United States has not consented to be sued on that claim. Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007).

Moreover, to the extent that plaintiff is alleging a tort claim against the United States other than one based on the loss, miscarriage, or negligent transmission of letters of postal matter, he is precluded from bringing a suit under the FTCA because he has not exhausted his administrative remedies by presenting the claim to the appropriate federal agency prior to filing the action. See 28 U.S.C. § 2675(a). Finally, plaintiff failed to properly serve the U.S. Attorney General, the Postmaster General, and the U.S. Attorney's Office, as required by Federal Rule of Civil Procedure 4(i).

Accordingly, the court finds that the complaint must be dismissed. Because the court finds that amendment would be futile, the dismissal is with prejudice.

The November 7, 2012 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: October 16, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge